IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABDON DANILO BEGAY MAYANCHA,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, in their official capacity as Secretary of the United States Department of Homeland Security; TODD BLANCHE, in their official capacity as Acting Attorney General of the United States; DAVID VENTURELLA, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as Acting Field Office Director, St. Paul Field Office, United States; and KOLBY FOOTE, in their official capacity as Warden, McCook Detention Center;<br><br>Respondents. | **4:26CV3322**<br><br>**ORDER TO SHOW CAUSE** |

On September 22, 2026, through counsel, Petitioner Abdon Danilo Begay Mayancha, a citizen of Ecuador, filed a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Filing 1 at 1 (¶ 1). In his Petition, Begay Mayancha challenges his detention by the Department of Homeland Security (DHS) at the McCook Detention Center in McCook, Nebraska, for more than 19 months despite being paroled into the United States in December 2023 and granted asylum by an Immigration Judge (IJ) on June 17, 2025. Filing 1 at 1 (¶ 1). He asserts claims of violation of his Fifth Amendment due process rights. Filing 1 at 10–15.

Begay Mayancha alleges that Federal Respondents placed him into immigration detention on February 24, 2025, following his release from pre-trial detention on "a pending misdemeanor charge" without a requirement to post monetary bail. Filing 1 at 5 (¶ 21). The DHS Form I-213

Record of Deportable/Inadmissible Alien attached to Begay Mayancha's Petition clarifies that "[o]n February 14, 2025, the Burnsville [Minnesota] Police Department arrested BEGAY for domestic assault." Filing 1-1 at 3. Begay Mayancha alleges that he was improperly detained by DHS after he was released on bail by the Minnesota state court because his parole into the United States entitled him to protection under the due process clause. Filing 1 at 5 (¶ 22 (citing *Sandhu v. Mullin*, No. 7:26CV5009, 2026 WL 11446643 (D. Neb. Sept. 11, 2025), and *Morrissey v. Brewer*, 408 U.S. 471 (1972)). Consequently, he alleges that he is entitled to notice and an opportunity to respond prior to the revocation of parole to comport with due process. Filing 1 at 6 (¶ 23).

Begay Mayancha alleges that after he was detained, he had a hearing in immigration court regarding his removal on June 9, 2026, in which the IJ granted him asylum. Filing 1 at 6 (¶ 24). However, he was not released from custody, and DHS appealed the grant of asylum to the Board of Immigration Appeals (BIA), effectively denying Begay Mayancha his release consistent with the grant of asylum. Filing 1 at 6 (¶¶ 25–26). He alleges over a year after DHS filed its appeal, DHS filed a motion to remand the case to the immigration judge, and the BIA remanded for further proceedings without ruling on the merits. Filing 1 at 6 (¶ 26).

Begay Mayancha asserts two claims for relief. In Count I, he asserts "Violation of Fifth Amendment Right to Due Process: Re-detention." Filing 1 at 10. The essence of the claim is Begay Mayancha's allegations that the due process clause of the Fifth Amendment prohibits the government from depriving a person of liberty without due process of law; that Begay Mayancha was granted a liberty interest when he was paroled into the country; and that Respondents restricted that liberty interest by detaining him without constitutionally sufficient procedures, as measured by *Mathews v. Eldridge*, 424 U.S. at 319 (1976). Filing 1 at 10 (¶¶ 41–44). He also asserts that his detention is not likely to end in the reasonably foreseeable future, so his detention is not reasonably

related to the purpose of removal, also in violation of due process. Filing 1 at 11 (¶ 46) (citing *Zadvydas v. Davis*, 533 U.S. 578 (2001)). In Count II, Begay Mayancha asserts a claim of "Violation of Fifth Amendment Right to Due Process: Unilateral Detention after Asylum." Filing 1 at 11. The essence of this claim is Begay Mayancha's allegations that after a noncitizen is granted asylum, he shall not be removed to his country of nationality, he shall be authorized to work in the United States, and he may be allowed to travel abroad with prior consent of the Attorney General, but even though he was granted asylum by the IJ on June 9, 2025, he was not released. Filing 1 at 11–12 (¶¶ 49–50). He asserts further that DHS did not seek a stay of the IJ's decision pending appeal. Filing 1 at 12 (¶ 52). Thus, he alleges that the unilateral decision to continue detention lasting over a year amounts to a violation of the due process clause. Filing 1 at 12 (¶ 54). As relief, Begay Mayancha seeks *inter alia* a writ of habeas corpus ordering his immediate release or in the alternative, a writ of habeas corpus ordering Respondents to provide him with a bond hearing at which Respondents must justify his continued detention. Filing 1 at 13 (Prayer for Relief).

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). The writ does not extend to a prisoner unless he or she falls into one of the categories listed in § 2241(c), including *inter alia* that the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)).

Instead, "[t]he habeas statute provides only that a writ of habeas corpus '*may* be granted.'" *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

As to the applicable procedure for habeas actions, 28 U.S.C. § 2243 provides as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.
>
> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.
>
> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

It is not clear from Begay Mayancha's Petition that he is not entitled to any relief at all. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled

thereto."). That said, the Court declines to "forthwith award the writ" based on no more than Begay Mayancha's allegations. 28 U.S.C. § 2243. Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* The Court will set a time frame for Respondents to "make a return certifying the true cause of the detention," but finds that good cause for an extension beyond three days based on the volume of such § 2241 petitions by aliens. *Id.* The Court also finds good cause, based on the circumstances and allegations presented, to allow Begay Mayancha a very short time for a written reply after Respondents make their Returns but before any hearing. *Id.* (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). The Court will wait until it has reviewed the parties' briefs to decide whether or not to set a date and time for any show-cause hearing. *See* *Ruiz v. Norris*, 71 F.3d 1404, 1406–07 (8th Cir. 1995) (explaining that "an evidentiary hearing [in a habeas case] is unnecessary and not required in cases 'where the petitioner's allegations, even if true, fail to state a claim upon which habeas relief can be granted'" (quoting *Amos v. State*, 849 F.2d 1070, 1072 (8th Cir. 1988))).

Accordingly,

IT IS ORDERED that

1. Although counsel for Federal Respondents has entered an appearance, Filing 3, no Respondents have been served so far. Consequently, Begay Mayancha shall serve his Petition and a copy of this Order to Show Cause on Respondents without delay and shall file proof of such service with the Court within twenty-four hours of effecting such service;

2. Respondents shall make a return certifying the true cause of Begay Mayancha's detention and why his Petition should not be granted not later than five business days after receiving Begay Mayancha's Petition and this Order to Show Cause;

3. Petitioner Begay Mayancha shall have three business days after Respondents file their return(s) to file any reply; and

4. Upon the filing of Respondents' return(s) and Begay Mayancha's reply, the Court will determine whether or not to set a hearing on this matter prior to disposition.

Dated this 1st day of October, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge